2009 Ark. App. 284
**Steve WOLFE, Appellant,**

v.

**Michael STEVENS & Karen Harris, Appellees.**

**No. CA 08–1075.**

Court of Appeals of Arkansas.

April 15, 2009.

Ed Tarvin, Attorney at Law P.A., by: Ed Tarvin, Bentonville, for appellant.

No response.

DAVID M. GLOVER, Judge.

In this one-brief appeal, appellant, Steven Wolfe, challenges the trial court's dismissal with prejudice of his complaint seeking to establish paternity of T.M.S., a minor child born on February 24, 2003. We hold that the trial court erred in dismissing the complaint, and we reverse and remand this case.

Appellee Karen Harris, T.M.S.'s mother, and appellee Michael Stevens were married to each other at the time of his birth in Louisiana. Harris and Stevens were divorced in 2004, and Stevens was eventually awarded custody of the minor child. *See Stevens v. Stevens,* 978 So.2d 916 (La. App. 1 Cir.2007). Stevens later moved to Arkansas, and Wolfe, after learning of Stevens's and the child's whereabouts, filed his complaint seeking |₂to establish paternity here. Stevens answered the complaint, admitting that Wolfe was T.M.S.'s biological father but alleging that he was the child's legal father. Stevens also moved to have the complaint dismissed.

The trial court held a hearing on Stevens's motion to dismiss on April 15, 2008. At that hearing, there was testimony from Wolfe that Harris told him during her pregnancy that he was the father of the child; that a DNA test had been performed; and that he knew prior to March 2005 that he was the biological father. Wolfe said that he was in T.M.S.'s life until August or September 2004. Stevens testified that he knew that he was not the biological father since shortly after his birth, but that he did not challenge his status or standing as T.M.S.'s father during the divorce proceedings, electing "to stay on as his father," and ultimately receiving full custody of him. In the order dismissing Wolfe's complaint seeking to establish paternity, the trial court found that Stevens was the legal father; that Wolfe had actual knowledge of his status as the biological father but did not take timely action to establish his paternity; and that pursuant to the doctrine of laches, Wolfe was barred from bringing the action or being awarded relief.

Wolfe argues that the trial court erred in dismissing his complaint to establish paternity. He is correct. In this action

Wolfe sought to establish himself as T.M.S.'s biological father. Arkansas Code Annotated section 9–10–102(b) (Repl.2008) provides, in pertinent part, "Actions brought in the State of Arkansas to establish paternity may be brought *at any time.*" (Emphasis added.) In light of this explicit statutory provision, the trial |₃court erred as a matter of law in dismissing Wolfe's complaint to establish paternity. We therefore reverse and remand this case to allow Wolfe to pursue his paternity action.[1]

Reversed and remanded.

GRUBER and MARSHALL, JJ., agree.

---

1. This court issues no opinion regarding who is entitled to custody of T.M.S.